**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MOM CA Investco LLC, | Case No. 25-10321 (BLS) |
| Debtor.<br>Tax I.D. No. 86-4006263 | |
| In re: | Chapter 11 |
| MOM AS Investco LLC, | Case No. 25-10322 (BLS) |
| Debtor.<br>Tax I.D. No. 86-4006049 | |
| In re: | Chapter 11 |
| MOM BS Investco LLC, | Case No. 25-10323 (BLS) |
| Debtor.<br>Tax I.D. No. 86-4006180 | |
| In re: | Chapter 11 |
| Retreat at Laguna Villas, LLC, | Case No. 25-10432 (BLS) |
| Debtor.<br>Tax I.D. No. 82-1122046 | |
| In re: | Chapter 11 |
| Sunset Cove Villas, LLC, | Case No. 25-10433 (BLS) |
| Debtor.<br>Tax I.D. No. 82-0959178 | |
| In re: | Chapter 11 |
| Duplex at Sleepy Hollow, LLC, | Case No. 25-10434 (BLS) |
| Debtor.<br>Tax I.D. No. 83-2219237 | |

| | |
|---|---|
| In re: | Chapter 11 |
| Cliff Drive Properties DE, LLC, | Case No. 25-10435 (BLS) |
| Debtor.<br>Tax I.D. No. 83-2330893 | |
| In re: | Chapter 11 |
| 694 NCH Apartments, LLC, | Case No. 25-10436 (BLS) |
| Debtor.<br>Tax I.D. No. 82-1040318 | |
| In re: | Chapter 11 |
| Heisler Laguna, LLC, | Case No. 25-10437 (BLS) |
| Debtor.<br>Tax I.D. No. 82-1804709 | |
| In re: | Chapter 11 |
| Laguna Festival Center, LLC, | Case No. 25-10438 (BLS) |
| Debtor.<br>Tax I.D. No. 82-2964073 | |
| In re: | Chapter 11 |
| 891 Laguna Canyon Road, LLC, | Case No. 25-10439 (BLS) |
| Debtor.<br>Tax I.D. No. 82-1020647 | |
| In re: | Chapter 11 |
| 777 AT Laguna, LLC | Case No. 25-10440 (BLS) |
| Debtor.<br>Tax I.D. No. 83-2208715 | |

| | |
|---|---|
| In re: | Chapter 11 |
|     Laguna Art District Complex, LLC, | Case No. 25-10441 (BLS) |
|                       Debtor. Tax I.D. No. 82-0988316 | |
| In re: | Chapter 11 |
|     Tesoro Redlands DE, LLC, | Case No. 25-104442 (BLS) |
|                       Debtor. Tax I.D. No. 82-1322764 | |
| In re: | Chapter 11 |
|     Aryabhata Group LLC, | Case No. 25-10444 (BLS) |
|                       Debtor. Tax I.D. No. 87-1327332 | |
| In re: | Chapter 11 |
|     Hotel Laguna, LLC, | Case No. 25-10445 (BLS) |
|                       Debtor. Tax I.D. No. 83-3179580 | |
| In re: | Chapter 11 |
|     4110 West 3rd Street DE, LLC, | Case No. 25-10446 (BLS) |
|                       Debtor. Tax I.D. No. 83-2188641 | |
| In re: | Chapter 11 |
|     314 S. Harvard DE, LLC, | Case No. 25-10447 (BLS) |
|                       Debtor. Tax I.D. No. 83-2182057 | |

| | |
|---|---|
| In re:<br><br>　　Laguna HI, LLC,<br><br>　　　　　　　　　　Debtor.<br>Tax I.D. No. 81-4186408 | Chapter 11<br><br>Case No. 25-10448 (BLS) |
| In re:<br><br>　　Laguna HW, LLC,<br><br>　　　　　　　　　　Debtor.<br>Tax I.D. No. 81-4199470 | Chapter 11<br><br>Case No. 25-10449 (BLS) |
| In re:<br><br>　　The Masters Building, LLC,<br><br>　　　　　　　　　　Debtor.<br>Tax I.D. No. 82-1056134 | Chapter 11<br><br>Case No. 25-10450 (BLS) |
| In re:<br><br>　　837 Park Avenue, LLC<br><br>　　　　　　　　　　Debtor.<br>Tax I.D. No. 82-0973229 | Chapter 11<br><br>Case No. 25-10451 (BLS) |

**DEBTORS' MOTION FOR AN ORDER DIRECTING**
**JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned Debtors (defined below) seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), directing the joint administration of the above-captioned chapter 11 cases (these "Chapter 11 Cases") for procedural purposes only. In support of this motion (this "Motion"), the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over these Chapter 11 Cases, the Debtors, property of the Debtors' estates, and these

4

matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue of these Chapter 11 Cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1015-1.

**GENERAL BACKGROUND**

5. The Debtors constitute a real estate joint venture comprised of a portfolio of commercial properties owned by the Debtors.  The properties that make up the portfolio include hotels, an apartment complex, office buildings, other commercial real estate, and individual homes used as luxury vacation rentals.

6. On February 28, 2025 (the "Investco Petition Date"), Debtor MOM CA Investco LLC ("MOM CA"), Debtor MOM AS Investco LLC ("MOM AS"), and Debtor MOM BS Investco LLC ("MOM BS," collectively with MOM CA and MOM AS, the "MOM Investco") each filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.  The MOM Investco were founded in June of 2021 for the purpose of managing a robust real estate investment portfolio.

5

7. Each of the MOM Investco owns a number of subsidiary special purpose entities (each an "SPE"), which each own and hold a separate investment property. Collectively, the MOM Investco have ownership interests in roughly sixty (60) SPEs for properties across the country. Each of the MOM Investco holds one-hundred percent (100%) of the ownership interests for each of their respective SPEs.

8. On March 10, 2025 (the "SPE Petition Date," together with the Investco Petition Date, the "Petition Date", as applicable), nineteen of the SPEs (collectively, the "SPE Debtors,"[1] together with the MOM Investco, the "Debtors") each filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

9. The Debtors are operating their business and managing their properties, as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made, and no official committees have been appointed in these Chapter 11 Cases.

10. Additional factual background regarding the Debtors is set forth in the *Declaration of Mark Shinderman in Support of Petitions and First Day Motions* (the "First Day Declaration"), which is incorporated herein by reference.[2]

**RELIEF REQUESTED**

11. The Debtors seek entry of the Proposed Order pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1: (a) directing the joint administration of these Chapter 11 Cases for procedural purposes only and (b) granting related

---

[1] The "SPE Debtors" are: Retreat at Laguna Villas, LLC; Sunset Cove Villas, LLC; Duplex at Sleepy Hollow, LLC; Cliff Drive Properties DE, LLC; 694 NCH Apartments, LLC; Heisler Laguna, LLC; Laguna Festival Center, LLC; 891 Laguna Canyon Road, LLC; 777 AT Laguna, LLC; Laguna Art District Complex, LLC; Tesoro Redlands DE, LLC; Aryabhata Group LLC; Hotel Laguna, LLC; 4110 West 3rd Street DE, LLC; 314 S. Harvard DE, LLC; Laguna, HI, LLC; Laguna HW, LLC; The Masters Building, LLC; and 837 Park Avenue, LLC.

[2] Unless otherwise defined in this Motion, capitalized terms shall take the meaning given to them in the First Day Declaration.

relief.  Specifically, the Debtors request that the Court maintain one file and one docket for these Chapter 11 Cases under the case of MOM CA Investco LLC, under the following caption:

| | |
|---|---|
| In re: | Chapter 11 |
| MOM CA Investco LLC, *et al.*,[1] | Case No. 25-10321 (BLS) |
| Debtors. | (Jointly Administered) |

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], and 837 Park Avenue, LLC [3229].  The Debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660.  For purposes of this representation, Hotel Laguna, LLC is represented solely by Potter Anderson & Corroon LLP and is not represented by Buchalter, A Professional Corporation.

12. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c) of the Bankruptcy Code.

13. Additionally, the Debtors request that the Court make a separate docket entry on the dockets of each of the Debtors, other than MOM CA Investco LLC, to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: MOM CA Investco LLC, MOM AS Investco LLC, MOM BS Investco LLC, Retreat at Laguna Villas, LLC, Sunset Cove Villas, LLC, Duplex at Sleepy Hollow, LLC, Cliff Drive Properties DE, LLC, 694 NCH Apartments, LLC, Heisler Laguna, LLC, Laguna Festival Center, LLC, 891 Laguna Canyon Road, LLC, 777 AT Laguna, LLC, Laguna Art District Complex, LLC, Tesoro Redlands DE, LLC, Aryabhata Group LLC, Hotel Laguna, LLC, 4110 West 3rd Street DE, LLC, 314 S. Harvard DE, LLC, Laguna HI, LLC, Laguna HW, LLC, The Masters Building, LLC, and 837 Park Avenue,

LLC. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 25-10321, which should also be consulted for all matters affecting this case.

## BASIS FOR RELIEF

14. Bankruptcy Rule 1015(b) provides, in relevant part, that "[t]he court may order joint administration of the estates in a joint case or in two or more cases pending in the court if they are brought by. . . a debtor and an affiliate." Fed. R. Bankr. P. 1015(b). Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

15. In addition, Local Rule 1015-1 provides in relevant part as follows:

> The Court may order joint administration of related cases pending in this Court without notice and an opportunity for hearing on a motion supported by an affidavit, declaration, or verification establishing that joint administration of the cases is warranted and will ease the administrative burden for the Court and the parties. A joint administration order entered under this Local Rule (i) is procedural only and does not substantively consolidate the debtors' estates and (ii) may be reconsidered on motion of a party in interest at any time.

Del. Bankr. L.R. 1015-1.

16. As described in the First Day Declaration, the Debtors are "affiliates" as defined in section 101(2) of the Bankruptcy Code. Moreover, given the integrated nature of the Debtors' operations, joint administration of the Chapter 11 Cases will promote the economical and efficient administration of the Chapter 11 Cases by avoiding the substantial time and expense required in preparing, replicating, filing, and serving duplicate motions, notices, applications, and orders, and will ease the administrative burden for the Court, the Office of the United States Trustee for the District of Delaware, and other parties in interest.

8

17. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. For example, creditors may still file claims against a particular Debtor or its estate (or against both Debtors and their respective estates), and the Debtors will maintain separate records of assets and liabilities. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases. Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

18. For these reasons, the Debtors respectfully submit that the relief requested herein is necessary, appropriate, and in the best interests of the Debtors' estates and creditors.

## **NOTICE**

19. Notice of this Motion will be provided to the following parties or their respective counsel: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the Arbitration Plaintiffs (as that term is defined in the First Day Declaration); and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within forty-eight (48) hours of the entry of an order with respect to this Motion, the Debtors will serve copies of this Motion and any order entered with respect to this Motion as required by Local Rule 9013-1(m). The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

[*Signature Page Follows*]

| | |
|---|---|
| Dated: March 11, 2025<br>　　　　Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ Sarah R. Gladieux* |
| Jeffrey K. Garfinkle (*pro hac vice* forthcoming)<br>Rebecca Wicks (*pro hac vice* forthcoming)<br>**BUCHALTER, A PROFESSIONAL CORPORATION**<br>18400 Von Karman Avenue, Suite 800<br>Irvine, CA 92612-0514<br>Telephone: (949) 760-1121<br>Email: jgarfinkle@buchalter.com<br>　　　　rwicks@buchalter.com | Christopher M. Samis (No. 4909)<br>Aaron H. Stulman (No. 5807)<br>R. Stephen McNeill (No. 5210)<br>Gregory J. Flasser (No. 6154)<br>Ethan H. Sulik (No. 7270)<br>Sarah R. Gladieux (No. 7404)<br>**POTTER ANDERSON & CORROON LLP**<br>1313 N. Market Street, 6th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>Email: csamis@potteranderson.com<br>　　　　astulman@potteranderson.com<br>　　　　rmcneill@potteranderson.com<br>　　　　gflasser@potteranderson.com<br>　　　　esulik@potteranderson.com<br>　　　　sgladieux@potteranderson.com |
| -and- | |
| J. Leland Murphree (*pro hac vice* forthcoming)<br>John T. Baxter (*pro hac vice* forthcoming)<br>**BUCHALTER, A PROFESSIONAL CORPORATION**<br>1 Music Circle South, Suite 300<br>Nashville, TN 37203<br>Telephone: (629) 224-6600<br>Email: lmurphree@buchalter.com<br>　　　　jbaxter@buchalter.com | |
| -and- | |
| Khaled Tarazi (*pro hac vice* forthcoming)<br>**BUCHALTER, A PROFESSIONAL CORPORATION**<br>15279 N. Scottsdale Road, Suite 400<br>Scottsdale, Arizona 85254-2659<br>Telephone: (480) 383-1800<br>Email: ktarazi@buchalter.com | |

*Proposed Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>    MOM CA Investco LLC,<br><br>                    Debtor.<br>Tax I.D. No. 86-4006263 | Chapter 11<br><br>Case No. 25-10321 (BLS) |
| In re:<br><br>    MOM AS Investco LLC,<br><br>                    Debtor.<br>Tax I.D. No. 86-4006049 | Chapter 11<br><br>Case No. 25-10322 (BLS) |
| In re:<br><br>    MOM BS Investco LLC,<br><br>                    Debtor.<br>Tax I.D. No. 86-4006180 | Chapter 11<br><br>Case No. 25-10323 (BLS) |
| In re:<br><br>    Retreat at Laguna Villas, LLC,<br><br>                    Debtor.<br>Tax I.D. No. 82-1122046 | Chapter 11<br><br>Case No. 25-10432 (BLS) |
| In re:<br><br>    Sunset Cove Villas, LLC,<br><br>                    Debtor.<br>Tax I.D. No. 82-0959178 | Chapter 11<br><br>Case No. 25-10433 (BLS) |
| In re:<br><br>    Duplex at Sleepy Hollow, LLC,<br><br>                    Debtor.<br>Tax I.D. No. 83-2219237 | Chapter 11<br><br>Case No. 25-10434 (BLS) |

| | |
|---|---|
| In re: | Chapter 11 |
| Cliff Drive Properties DE, LLC, | Case No. 25-10435 (BLS) |
| Debtor. Tax I.D. No. 83-2330893 | |
| In re: | Chapter 11 |
| 694 NCH Apartments, LLC, | Case No. 25-10436 (BLS) |
| Debtor. Tax I.D. No. 82-1040318 | |
| In re: | Chapter 11 |
| Heisler Laguna, LLC, | Case No. 25-10437 (BLS) |
| Debtor. Tax I.D. No. 82-1804709 | |
| In re: | Chapter 11 |
| Laguna Festival Center, LLC, | Case No. 25-10438 (BLS) |
| Debtor. Tax I.D. No. 82-2964073 | |
| In re: | Chapter 11 |
| 891 Laguna Canyon Road, LLC, | Case No. 25-10439 (BLS) |
| Debtor. Tax I.D. No. 82-1020647 | |
| In re: | Chapter 11 |
| 777 AT Laguna, LLC | Case No. 25-10440 (BLS) |
| Debtor. Tax I.D. No. 83-2208715 | |

| | |
|---|---|
| In re:<br><br>    Laguna Art District Complex, LLC,<br><br>                Debtor.<br>Tax I.D. No. 82-0988316 | Chapter 11<br><br>Case No. 25-10441 (BLS) |
| In re:<br><br>    Tesoro Redlands DE, LLC,<br><br>                Debtor.<br>Tax I.D. No. 82-1322764 | Chapter 11<br><br>Case No. 25-104442 (BLS) |
| In re:<br><br>    Aryabhata Group LLC,<br><br>                Debtor.<br>Tax I.D. No. 87-1327332 | Chapter 11<br><br>Case No. 25-10444 (BLS) |
| In re:<br><br>    Hotel Laguna, LLC,<br><br>                Debtor.<br>Tax I.D. No. 83-3179580 | Chapter 11<br><br>Case No. 25-10445 (BLS) |
| In re:<br><br>    4110 West 3rd Street DE, LLC,<br><br>                Debtor.<br>Tax I.D. No. 83-2188641 | Chapter 11<br><br>Case No. 25-10446 (BLS) |
| In re:<br><br>    314 S. Harvard DE, LLC,<br><br>                Debtor.<br>Tax I.D. No. 83-2182057 | Chapter 11<br><br>Case No. 25-10447 (BLS) |

| | |
|---|---|
| In re: | Chapter 11 |
| Laguna HI, LLC, | Case No. 25-10448 (BLS) |
| Debtor.<br>Tax I.D. No. 81-4186408 | |
| In re: | Chapter 11 |
| Laguna HW, LLC, | Case No. 25-10449 (BLS) |
| Debtor.<br>Tax I.D. No. 81-4199470 | |
| In re: | Chapter 11 |
| The Masters Building, LLC, | Case No. 25-10450 (BLS) |
| Debtor.<br>Tax I.D. No. 82-1056134 | |
| In re: | Chapter 11 |
| 837 Park Avenue, LLC | Case No. 25-10451 (BLS) |
| Debtor.<br>Tax I.D. No. 82-0973229 | |

**ORDER DIRECTING JOINT ADMINISTRATION**
**OF THE DEBTORS' CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing joint administration of these chapter 11 cases (these "Chapter 11 Cases") for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of*

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

4

*Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these Chapter 11 Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT,

1. The Motion is GRANTED as set forth herein.

2. The above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered under Case No. 25-10321.

3. The caption of the jointly administered cases shall read as follows:

|  |  |
|---|---|
| In re: | Chapter 11 |
| MOM CA Investco LLC, *et al.*,[1] | Case No. 25-10321 (BLS) |
| Debtors. | (Jointly Administered) |

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], and 837 Park Avenue, LLC [3229]. The Debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660. For purposes of this representation, Hotel Laguna, LLC is represented solely by Potter Anderson & Corroon LLP and is not represented by Buchalter, A Professional Corporation.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. The Clerk of the Court shall make a docket entry in each of the Debtors' Chapter 11 Cases, except that of MOM CA Investco LLC, substantially similar to the following:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: MOM CA Investco LLC, MOM AS Investco LLC, and MOM BS Investco LLC, Retreat at Laguna Villas, LLC, Sunset Cove Villas, LLC, Duplex at Sleepy Hollow, LLC, Cliff Drive Properties DE, LLC, 694 NCH Apartments, LLC, Heisler Laguna, LLC, Laguna Festival Center, LLC, 891 Laguna Canyon Road, LLC, 777 AT Laguna, LLC, Laguna Art District Complex, LLC, Tesoro Redlands DE, LLC, Aryabhata Group LLC, Hotel Laguna, LLC, 4110 West 3rd Street DE, LLC, 314 S. Harvard DE, LLC, Laguna HI, LLC, Laguna HW, LLC, The Masters Building, LLC, and 837 Park Avenue, LLC. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 25-10321, which should also be consulted for all matters affecting this case.

6. The Debtors shall maintain, and the Clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list for these Chapter 11 Cases, with the assistance of the Debtors' claims and noticing agent that will be retained by the Debtors in these Chapter 11 Cases.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.