# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 </br> ) </br> ) Case No. 25-10321 (BLS) </br> ) </br> ) (Joint Administration Requested) </br> ) </br> ) Re: Docket No. 8 |
| MOM CA Investco LLC, et al.,[1] | |
| Debtors. | |

## OBJECTION OF ENTERPRISE BANK & TRUST
## TO DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING POSTPETITION USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; (III) MODIFYING AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF

Enterprise Bank & Trust (the "Enterprise Bank"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the motion of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to sections 105, 361, 362, and 363 of title 11 of the United States Code (the "Bankruptcy Code") for the entry of interim and final orders (i) authorizing use of cash collateral; (ii) granting adequate protection, (iii) modifying the automatic stay; (iv) scheduling a final hearing; and (iii) granting related relief [Docket No. 8] (the "Motion"). In support of the Objection, the EBT respectfully states as follows:

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], and 837 Park Avenue, LLC [3229]. The Debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660. For purposes of this representation, Hotel Laguna, LLC is represented solely by Potter Anderson & Corroon LLP and is not represented by Buchalter, A Professional Corporation.

## BACKGROUND

1. As a result of the merger with FCB ("FCB") on or about July 22, 2021, Enterprise Bank is the holder, owner, and beneficiary of notes, deeds of trust, security agreements and guarantees made by Debtors and described below:

> 777 at Laguna, LLC ("777 Laguna")
> 891 Laguna Canyon Road, LLC ("891 Laguna Canyon")
> Laguna Art District Complex, LLC ("Art District")
> Laguna Festival Center, LLC ("Festival Center")
> Heisler Laguna, LLC ("Heisler")
> 694 NCH Apartments, LLC ("694 NCH")
> Sunset Cove Villas, LLC ("Sunset")
> Retreat at Laguna Villas, LLC ("Retreat")
> Duplex at Sleepy Hollow, LLC ("Duplex")
> Cliff Drive Properties DE, LLC ("Cliff Drive")
> MOM BS Investco, LLC ("MOM BS")
> MOM AS Investco, LLC ("MOM AS")

**A.    The 777 Laguna Loans**

2. Each of Debtors 777 Laguna, 891 Laguna Canyon, Art District and Festival Center (the "777 Laguna Borrowers") executed and delivered to FCB that *Promissory Note* dated June 7, 2021, in the original principal sum of $27,600,000.00 (the "777 Laguna Note").

3. To secure the obligations under the 777 Laguna Note;

   (a) 777 Laguna executed and delivered to FCB that *Deed of Trust, Fixture Filing, and Assignment of Rents* dated as of June 7, 2021 (the "777 at Laguna Deed of Trust"), pursuant to which 777 Laguna granted to FCB a lien on real property commonly known as 777 and 22446 Laguna Canyon Road, Orange County, California (the "777 Laguna Property"), together with all royalties, earnings, income, rents and revenue of the 777 Laguna Property;

   (b) 891 Laguna Canyon executed and delivered to FCB that *Deed of Trust, Fixture Filing, and Assignment of Rents* dated as of June 7, 2021 (the "891 Laguna Canyon Road Deed of Trust"), pursuant to which 891 Laguna Canyon granted to FCB a lien on real property commonly known as 891 Laguna Canyon Road, Orange County, California (the "891 Laguna Canyon Property"), together with all royalties, earnings, in-come, rents and revenue of the 891 Laguna Canyon Property;

(c)     Art District executed and delivered to FCB that *Deed of Trust, Fixture Filing, and Assignment of Rents* dated as of June 7, 2021 (the "Art District Deed of Trust"), pursuant to which Art District granted to FCB a lien on real property commonly known as 775-793 Laguna Canyon Road, Orange County, California (the "Art District Property"), together with all royalties, earnings, in-come, rents and revenue of the Art District Property; and

(d)     Festival Center executed and delivered to FCB that *Deed of Trust, Fixture Filing, and Assignment of Rents* dated as of June 7, 2021 (the "Festival Center Deed of Trust"), pursuant to which Festival Center granted to FCB a lien on real property commonly known as 805-859 Laguna Canyon Road, Orange County, California (the "Festival Center Property"), together with all royalties, earnings, in-come, rents and revenue of the Festival Center Property.

4.     Debtor MOM BS guaranteed the performance and payment of the "Guaranteed Obligations" under the 777 Laguna Note.

5.     As of March 13, 2025, principal in the amount of $26,675,822.44, together with accrued, unpaid interest in the amount of $676,621.32, late fees of $43,975.01 and loan fees of $276,000.00, totaling $27,672,418.77 were due under the 777 Laguna Note.

**B.**     **The Heisler Laguna Loan**

6.     Debtor Heisler executed and delivered to FCB that *Promissory Note* dated June 7, 2021, in the original principal sum of $16,971,000.00 (the "Heisler Note").

7.     To secure the obligations under the Heisler Note, Heisler executed and delivered to FCB that *Deed of Trust, Fixture Filing, and Assignment of Rents* dated as of June 7, 2021 (the "Heisler Deed of Trust"), pursuant to which Heisler granted to FCB a lien on real property commonly known as 305, 331, 345, 353 & 369, 385 and 397 N. Coast Highway, Laguna Beach, Orange County, California (the "Heisler Property") and all royalties, earnings, in-come, rents and revenue of the Heisler Property.

8.     Debtor MOM AS guaranteed the performance and payment of the "Guaranteed Obligations" under the Heisler Note.

9. As of March 13, 2025, principal in the amount of $16,402,731.16, together with accrued, unpaid interest in the amount of $416,039.77, late fees of $27,039.84 and loan fees of $169,710.00, totaling $17,015,520.77 were due under the Heisler Note.

**C.      The 694 NCH Apartments Loan**

10. Debtor 694 NCH executed and delivered to FCB that *Promissory Note* dated June 7, 2021, in the original principal sum of $3,848,000.00 (the "694 NCH Note").

11. To secure the obligations under the 694 NCH Note, 694 NCH executed and delivered to FCB that *Deed of Trust, Fixture Filing, and Assignment of Rents* dated as of June 7, 2021 (the "694 NCH Deed of Trust"), pursuant to which 694 NCH granted to FCB a lien on real property commonly known as 694 North Coast Highway, Laguna Beach, Orange County, California (the "694 NCH Property") and all royalties, earnings, in-come, rents and revenue of the 694 NCH Property.

12. Debtor MOM AS Investco LLC guaranteed the performance and payment of the "Guaranteed Obligations" under the 694 NCH Note.

13. As of March 13, 2025, principal in the amount of $3,719,150.89, together with accrued, unpaid interest in the amount of $94,332.75, late fees of $6,130.98 and loan fees of $38,480.00, totaling $3,858,094.62, were due under the 694 NCH Note.

**D.      The Sunset Cove Villas Loan**

14. Debtor Sunset Cove executed and delivered to FCB that *Promissory Note* dated June 7, 2021, in the original principal sum of $10,322,300.00 (the "Sunset Cove Note").

15. To secure the obligations under the Sunset Cove Note, Sunset Cove executed and delivered to FCB that *Deed of Trust, Fixture Filing, and Assignment of Rents* dated as of June 7, 2021 (the "Sunset Cove Deed of Trust"), pursuant to which Sunset Cove granted to FCB a lien on real property commonly known as 683 Sleepy Hollow Lane, Laguna Beach, Orange County,

California (the "Sunset Cove Property") and all royalties, earnings, in-come, rents and revenue of the Sunset Cave Property.

16. Debtor MOM AS Investco LLC guaranteed the performance and payment of the "Guaranteed Obligations" under the Sunset Cove Note.

17. As of March 13, 2025, principal in the amount of $10,067,091.71, together with accrued, unpaid interest in the amount of $255,142.22, late fees of $ 9,926.28 and loan fees of $103,223.00, totaling $10,435,383.21 was due under the Sunset Cove Note.

**E.    The Retreat at Laguna Villas Loan**

18. Debtor Retreat executed and delivered to FCB that *Promissory Note* dated June 7, 2021, in the original principal sum of $6,177,300.00 (the "Retreat Note").

19. To secure the obligations under the Retreat Note, Retreat executed and delivered to FCB that *Deed of Trust, Fixture Filing, and Assignment of Rents* dated as of June 7, 2021 (the "Retreat Deed of Trust"), pursuant to which Retreat granted to FCB a lien on real property commonly known as 729 Ocean Front, Laguna Beach, Orange County, California (the "Retreat Property") and all royalties, earnings, in-come, rents and revenue of the Retreat Property.

20. Debtor MOM AS Investco LLC guaranteed the performance and payment of the "Guaranteed Obligations" under the Retreat Note.

21. As of March 13, 2025, principal in the amount of $6,024,572.66, together with accrued, unpaid interest in the amount of $152,687.87, late fees of $5,940.32 and loan fees of $61,773.00, totaling $6,244,973.85, was due under the Retreat Note.

**F.    The Duplex at Sleepy Hollow Loan**

22. Debtor Duplex at Sleepy Hollow, LLC executed and delivered to FCB that certain written *Promissory Note* dated June 7, 2021, in the original principal sum of $1,725,800.00 (the "Duplex Note").

23. To secure the obligations under the Duplex Note, Duplex executed and delivered to FCB that *Deed of Trust, Fixture Filing, and Assignment of Rents* dated as of June 7, 2021 (the "Duplex Deed of Trust"), pursuant to which Duplex granted to FCB a lien on real property commonly known as 689 Sleepy Hollow Lane, Laguna Beach, Orange County, California (the "Duplex Property") and all royalties, earnings, in-come, rents and revenue of the Duplex Property.

24. Debtor MOM AS Investco LLC guaranteed the performance and payment of the "Guaranteed Obligations" under the Duplex Note.

25. As of March 13, 2025, principal in the amount of $1,667,980.66, together with accrued, unpaid interest in the amount of $42,280.50, late fees of $1,833.16 and loan fees of $17,258.00, totaling $ 1,729,352.32, were due under the Duplex Note.

G.   **The Cliff Drive Properties DE Loan**

26. Debtor Cliff Drive executed and delivered to FCB that *Promissory Note* dated June 7, 2021, in the original principal sum of $5,583,600.00 (the "Cliff Drive Note").

27. To secure the obligations under the Cliff Drive Note, Cliff Drive executed and delivered to FCB that *Deed of Trust, Fixture Filing, and Assignment of Rents* dated as of June 7, 2021 (the "Cliff Drive Deed of Trust"), pursuant to which Cliff Drive granted to FCB a lien on real property commonly known as 150 &154 Cliff Drive and 151 & 153 Cedar Way, Laguna Beach, Orange County, California (the "Cliff Drive Properties") and all royalties, earnings, in-come, rents and revenue of the Cliff Drive Properties.

28. Debtor MOM AS Investco LLC guaranteed the performance and payment of the "Guaranteed Obligations" under the Cliff Drive Note.

29. As of March 13, 2025, principal in the amount of $3,856,838.92, together with accrued, unpaid interest in the amount of $97,907.62, late fees of $8,054.09 and loan fees of $55,836.00, totaling $4,018,636.63, were due under the Cliff Drive Note.

30. Enterprise Bank has a first priority, perfected security interest in the cash derived from or produced by the 777 Laguna Properties, the Heisler Property, the 694 NCH Property, the Sunset Cove Property, the Retreat Property, the Duplex Property and the Cliff Drive Properties that is the subject of the Debtors' Motion (the "Enterprise Bank Cash Collateral").

**OBJECTIONS**

31. The Motion provides a 13-week budget for each of the Operating Properties, including the properties in which Enterprise Bank has a perfected lien. The Operating Budgets were prepared by displaced management and have not been reviewed or verified by the CRO. In addition, the Motion provides a consolidated 13-week, $4.9 million, budget for payments to the CRO, the Independent Director and to-be retained professionals. Notably absent is any breakdown or information as to how and for which Debtor the budgeted administrative expenses are to be incurred. Notwithstanding the omission of this critical information and the fact that the Debtors' estates are not substantively consolidated, the Motion seeks Interim and Final Orders determining that all Debtors and their estates are jointly and severally liable for all expenses in the Administrative Budget regardless of reason and beneficiary of the services to be provided. Furthermore, the Motion seeks a carve-out from the liens in favor of each of the Real Property Lenders, including Enterprise Bank, for trustee's fees and all unpaid fees and expenses incurred by the Debtors or any official committee of unsecured creditors in amounts in the "then-in-effect" Administrative Budget.

32. Enterprise Bank is supportive of maximizing the value of the assets of its debtor-borrowers and guarantors but is less concerned with the value of assets of the Debtors against which it holds no claim. Furthermore, Enterprise Bank objects to use of its Cash Collateral for any purpose, including the expenses of the professionals, that either (i) provides value to the Debtors

against which Enterprise Bank holds no claim and/or (ii) provides *de minimus* or no benefit to the preservation of the value of Enterprise Bank's collateral.

33. The Motion is unclear as to the specific work to be performed by the CRO, the Independent Director and the retained professionals that is both necessary and beneficial to each separate real property debtor. The Motion is silent as to why each of Enterprise Bank's debtor-borrowers should be saddled almost $5 million in administrative costs. Nor does the Motion provide any legal authority for how and why Enterprise Bank's perfected liens should be impaired or primed for work that is not specifically identifiable and beneficial to its borrowers.

34. Contrary to argument that Enterprise Bank is adequately protected by equity cushions, the proposed joint and several and carve-out provisions actually harm the value of Enterprise Bank's collateral. First, any use of Enterprise Bank's Cash Collateral for expenses that do not benefit the real property pledged to Enterprise Bank diminish its collateral on a dollar-for-dollar basis. Second, the impression of a $4.9 million carve-out from the liens of Enterprise Bank extinguishes any equity cushion that may currently exist.[2] Even using the Debtors' valuations in the Motion, the addition of a $4.9 million carve-out will wipe out the alleged equity cushions that may currently exist with respect to the Retreat Property, the Duplex Property, the Cliff Drive Properties and 694 NCH Property. Third, the Debtors fail to account for outstanding real estate taxes in their calculation of equity cushions.

35. Replacement liens, while a common feature of adequate protection for use of cash collateral in chapter 11 cases, are of limited or no value in the present case. As noted above, Enterprise Bank has liens on all of the assets of its borrowers. The Debtors offer no replacement

---

[2] Enterprise Bank does not agree that it is adequately protected by equity cushions. Furthermore, the carve-out may be greater than $4.9 million as the amount of the carve-out is to be determined by the "then-in-effect" Administrative Budget. Lastly, it is unclear whether the requested carve-out will prime or share pari-passu with the existing Enterprise Bank liens.

liens on property that is not already encumbered. Furthermore, according to the 13-week Operating Budgets, Enterprise Bank's borrowers will generate no (e.g. Cliff Drive, 694 NCH) or insufficient revenue to provide adequate protection for the harm and diminution caused by the proposed $4.9 million carve-out. Replacement liens in these cases are not adequate protection.

36. The Debtors are not substantively consolidated and should not be treated as such for any purpose.

37. The Enterprise Bank reserves its right to supplement these objections to the Motion prior to any final hearing on the Motion.

WHEREFORE, Enterprise Bank respectfully requests that this Court deny the Motion as set forth herein and grant such other relief as is necessary and proper.

Dated:  March 13, 2025                                          **ARMSTRONG TEASDALE LLP**

                                        */s/ Eric M. Sutty*
                                        Eric M. Sutty, DE No. 4007
                                        1007 North Market Street, Third Floor
                                        Wilmington, DE 19801
                                        Tel: (302) 416.9670
                                        Fax: (302) 397.2527
                                        Email: esutty@atllp.com

                                                -and-

                                        David L. Going, Esq.
                                        Armstrong Teasdale LLP
                                        7700 Forsyth Blvd., Suite 1800
                                        St. Louis, MO 63105
                                        Tel: (314) 621.5070
                                        Fax: (314) 621.2250
                                        Email: dgoing@atllp.com

                                        *Counsel forEnterprise Bank and Trust*